JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Phillip Gammalo, appeals the denial of his motion for post-conviction relief by the Court of Common Pleas, Criminal Division. After a review of the record presented and the arguments of the parties, we affirm the decision of the trial court.
 {¶ 2} The victim, Sheryl Eddy, was murdered on July 18, 1998. After an extensive investigation, appellant was indicted for the killing on June 22, 1999. Appellant waived his right to a jury trial, and a bench trial commenced on January 24, 2000. Appellant was found guilty of aggravated murder and attempted rape, and on August 10, 2000 he received sentences of thirty years to life and eight years, respectively. The sentences were imposed concurrently.
 {¶ 3} Appellant appealed his conviction and sentence, which this court upheld in State v. Gammalo (July 5, 2001), Cuyahoga App. No. 78531. Thereafter, he filed a motion for post-conviction relief on March 12, 2003. That motion was denied on April 10, 2003, and it is from this decision that appellant now appeals, pro se.
 {¶ 4} Appellant presents three assignments of error for our review:
 {¶ 5} "I. Appellant strongly alleges that the inadequacy of trial counsel's pretrial investigation, cumulative effect of errors and omissions prejudiced appellant's right to a fair trial, denying his guaranteed right to effective counsel within the sixth and fourteenth amendments, applicable to all the states (sic)."
 {¶ 6} "II. Appellant strongly avers that under the brady claim violation, the state breached its duty of disclosure by failing to weigh evidence so that exculpatory evidence could be provided to the defense not withheld; thereby depriving appellant-defendant of his right to compulsory process and due process, both guaranteed within the fifth, sixth and fourteenth U.S. Constitutional amendments (sic)."
 {¶ 7} "III. Appellant strongly avers that honorable Judge B. Corrigan recognized the conflict of interest, incompetant trial counsel's critical acts and ommissions, the brady rule violation by the prosecution and through abuse of discretion still erroneously denied appellant's post-conviction relief, prejudically depriving appellant of his rights to due process, a fair trial, compulsory process and effective representation, all guaranteed within the fifth, sixth, and fourteenth amendments (SIC)."
 {¶ 8} Appellant's assignments of error will be considered together. Recognizing appellant's status as a pro se litigant, we interpret his "assignments of error" to allege that the trial court abused its discretion in denying appellant's motion for post-conviction relief, which was filed on the grounds of ineffective assistance of counsel and on the grounds that the prosecution withheld exculpatory evidence from the defense.
 {¶ 9} A post-conviction relief proceeding is a collateral civil attack on a criminal conviction. As such, a defendant's right to post-conviction relief is not a constitutional right, but is a right created by statute. Therefore, a petitioner receives no more rights than those granted by the statute. Statev. Calhoun (1999), 86 Ohio St.3d 279.
 {¶ 10} R.C. 2953.21(A) provides:
 {¶ 11} "Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief."
 {¶ 12} A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. Relief is not available when the issue has been litigated by appeal or upon a motion for a new trial. State v. Walden (1984),19 Ohio App.3d 141, 146. The claim must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975),42 Ohio St.2d 46, paragraph one of the syllabus. Constitutional issues which could have been raised on appeal but were not will be barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 13} A criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. State v. Cole (1982),2 Ohio St.3d 112; State ex rel. Jackson v. McMonagle (1993),67 Ohio St.3d 450. The trial court may rule on the motion without a hearing where it determines the petition, supporting affidavits, documentary evidence, files, and the record do not demonstrate the petitioner set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, supra, at paragraph two of the syllabus.
 {¶ 14} Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief (R.C. 2953.21[C]), i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." (Emphasis added.) R.C. 2953.21(A)(1).
 {¶ 15} In the instant case, appellant raises a claim of ineffective assistance of counsel. The doctrine of res judicata bars a claim of ineffective assistance of counsel when a defendant is represented by new counsel on direct appeal and the issue could have been determined without resort to evidence de hors the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus. The doctrine of res judicata provides that "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of convictions or on an appeal from that judgment." State v. Jenkins (1987),42 Ohio App.3d 97, 99, citing State v. Perry (1967), 10 Ohio St.2d 175, 180. Competent, relevant, and material evidence de hors the record may defeat the application of res judicata. This evidence must demonstrate that the petitioner could not have appealed the constitutional claim by use of information found in the original record. State v. Lawson (1995), 103 Ohio App.3d 307, 315.
 {¶ 16} To obtain post-conviction relief on the basis of ineffective assistance of counsel, the petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Jackson (1980),64 Ohio St.2d 107. In order to substantiate a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the performance of defense counsel was seriously flawed and deficient; and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, 687; State v. Nolling
(2002), 98 Ohio St.3d 1401; State v. Bradley (1989),42 Ohio St.3d 136. If the petitioner fails to meet this burden, the trial court may dismiss the petition for post-conviction relief without a hearing. Id. The burden is on the petitioner to prove ineffectiveness of counsel. State v. Smith (1985),17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id.
 {¶ 17} At trial, appellant was represented by experienced and well-respected counsel. Yet, appellant alleges that trial counsel mishandled preliminary investigation with regard to a prosecution witness, Barbara Lyke.[1] This information was available to appellant, as evidenced by his pro se motion to have trial counsel removed prior to sentencing, and the issue should have been raised on direct appeal. He did not raise ineffective assistance of counsel as error on direct appeal, thus it is now barred by res judicata. Accordingly, appellant may not raise the error now, and the trial court did not abuse its discretion by denying the motion for post-conviction relief on these grounds without a hearing on the matter.
 {¶ 18} Appellant also alleges that the prosecution withheld exculpatory information at trial; in particular, certain medical records relating to results of DNA testing. As this court outlined in State v. Thompson (June 11, 1998), Cuyahoga App. No. 72641: "The United States Supreme Court held in Brady v.Maryland (1963), 373 U.S. 83, that the failure of the prosecution to disclose upon request evidence favorable to the defendant constitutes a violation of the Fourteenth Amendment's due process guarantee of a fair trial when `the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.' Id. at 87. Undisclosed evidence is `material' for purposes of the Brady rule `only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome.' UnitedStates v. Bagley (1985), 473 U.S. 667, 682." Thompson at 7.
 {¶ 19} The defendant/appellee has the burden of proving there existed a discovery violation which deprived the appellee of his right to due process. Kyles v. Whitley (1995), 514 U.S. 419,433. "The Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense. U.S. v. Bagley (1985), 473 U.S. 667 at 675. We have never held that the Constitution demands an open file policy * * *." Kyles at 437.
 {¶ 20} A review of the record indicates that the appellant was ordered by the trial court on July 13, 1999 to submit palm prints, blood, saliva and hair samples. On July 15, 1999, defense counsel filed a Motion for Discovery and a Motion for Bill of Particulars, to which the prosecution responded on August 2, 1999. Defense counsel also filed a plethora of pretrial motions and engaged in extensive pretrial discussions and negotiations with the prosecution. According to the record, no DNA results were found linking the appellant to the scene and none were used at trial. Therefore, the records appellant seeks do not appear to contain exculpatory information, nor do they appear to contain any information of which defense counsel was not aware at the time of trial. Simply, appellant has not demonstrated that there exists in this case undisclosed material which would constitute aBrady violation; thus, he has not raised substantive grounds on which relief could be granted on that basis. The trial court did not err in denying appellant's motion for post-conviction relief without first holding a hearing, and appellant's assignments of error are hereby overruled.
 {¶ 21} The judgment is affirmed.
Judgment affirmed.
Karpinski and Gallagher, JJ., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Appellant alleges that prosecution witness Barbara Lyke wanted to recant her trial testimony and that she approached defense counsel with that information in February 2000 (prior to sentencing) but was dismissed by the attorney. Upon review of the record, this court notes that a written statement given by Barbara Lyke to police on March 21, 2000 confirms that her testimony at trial was true to the best of her knowledge. Ms. Lyke also indicates in that statement that a relative of appellant's had attempted to intimidate her and wanted her to recant her testimony after the fact. She identified the appellant's father and two sisters as being "out to get her" because she testified against him. Therefore, the basis on which appellant alleges his counsel was ineffective simply does not exist.