ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated docket is to permit the appellate court to render a brief and conclusory opinion. Crawford v. Eastland Shopping MallAssn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Appellant Jujuan Norman, proceeding pro se, appeals from the trial court's denial of his petition for postconviction relief based upon a claim of ineffective assistance of trial counsel. Appellant argues in his assignment of error that the affidavit attached to his petition demonstrates counsel failed to present a defense witness whose testimony would have "exonerated" appellant.
 {¶ 3} Appellant and his two co-defendants all were convicted after a jury trial for the murder of a twelve-year old boy who was struck by a bullet during an exchange of gunfire outside his home. This court reviewed appellant's case and affirmed his convictions in State v. Norman, Cuyahoga App. No. 80702, 2002-Ohio-6043. As set forth in that opinion, "each defendant admitted to firing weapons in the direction of the" victim's home; the defendants were shooting at the occupants of a white car which was moving past their location.
 {¶ 4} Appellant attached to his petition for postconviction relief the affidavit of Darrell Martin. The record reflects Martin had been intended to be a witness at appellant's trial, but had not been called by any party. In his affidavit, Martin stated he had "seen the shooting incident" in which appellant had been involved, that only the occupants of the white car had fired weapons, and that he saw the three defendants "running in the opposite direction of the [victim's] house seconds before the occupants in the white [car] started shooting."
 {¶ 5} In denying appellant's petition, the trial court noted that the defense theory had been one of self-defense; therefore, such "testimony would have directly conflicted with the statements given by [appellant] and his co-defendants," and would also "have been inconsistent with the defense theory that was presented to the jury." Appellant thus had not sustained his burden to prove counsel had provided ineffective assistance, since the decision to call witnesses at trial "falls within the purview of trial tactics," and it was reasonable to omit a witness whose testimony was inconsistent with the defense theory of the case.
 {¶ 6} The trial court acted within its prerogative in determining appellant had not presented "sufficient operative facts to establish substantive grounds for relief." State v.Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102, paragraph two of the syllabus. See also, State v. Gammalo, Cuyahoga App. No. 82853, 2004-Ohio-482. Accordingly, appellant's assignment of error is overruled.
 {¶ 7} The judgment is affirmed.
Judgment affirmed.
McMonagle, P.J., and Gallagher, J., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.