JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Charles White appeals from the trial court order that denied his petition for postconviction relief.
 {¶ 2} White presents one assignment of error. He asserts the trial court erred because his claims of ineffective assistance of counsel and prosecutorial misconduct are based upon evidence de hors the record and, thus, could not have been raised in his direct appeal. White further asserts he presented evidence sufficient to warrant an oral hearing on his petition.
 {¶ 3} Following a review of the record, this court disagrees. Consequently, White's assignment of error is overruled. The trial court's order is affirmed.
 {¶ 4} This court previously has set forth the facts relating to White's original convictions in State v. White, Cuyahoga App. No. 88491,2007-Ohio-3080.[1] They result from an incident that occurred at a crowded beauty salon in Cleveland. At around the noon hour on October 18, 2003, two men entered the *Page 3 
establishment brandishing firearms; one, later identified as White, entered from the rear door while his partner entered from the front.
 {¶ 5} The salon's owner, Donesia Justice, activated the security alarm. White saw her, and threatened to shoot her; thus, Justice was face-to-face with White during the encounter. The men proceeded to rob everyone inside the salon before they fled.
 {¶ 6} Justice subsequently participated in developing a composite sketch of White, but the police detectives were unable to make any progress in locating the suspects. However, in 2005, Justice came to the police to inform them she had seen a photograph of White while watching a news broadcast.
 {¶ 7} In this manner, the police detective was able to create a photographic array; Justice chose White's picture as the man who had entered her salon through the rear door. One of her employees, Necha Scott, also chose White's photograph as one of the gunmen. Three other people in the salon at the time of the incident were unable to identify anyone in the array.
 {¶ 8} White eventually was indicted on fifteen counts that charged him with aggravated robbery and kidnapping, with firearm specifications, and having a weapon while under disability. After the state presented its case-in-chief, the trial court dismissed some of the counts. *Page 4 
 {¶ 9} The jury ultimately convicted White of four counts each of aggravated robbery and kidnapping, with firearm specifications. In addition, the trial court also found White guilty of the weapons charge. White received a total of thirteen years for his convictions.
 {¶ 10} On appeal, White presented five assignments of error. These challenged, in pertinent part, the weight of the evidence with respect to the reliability of the eyewitness identifications, the effectiveness of his trial counsel's performance with respect to counsel's failure to present the testimony of an expert witness on the subject of the unreliability of eyewitness testimony, and the propriety of his kidnapping convictions based upon R.C. 2941.25(A).
 {¶ 11} This court reviewed the record, and determined that White's "allied offenses" argument had merit; thus, it vacated White's kidnapping convictions and sentences. None of White's other arguments proved successful.
 {¶ 12} While his direct appeal was pending, White filed a timely petition for postconviction relief. He presented two claims: 1) his trial counsel rendered ineffective assistance by failing to "investigate, interview and call eyewitnesses" who would have exonerated him, and by failing to challenge the eyewitness' identifications of him with expert testimony, and 2) the prosecutor engaged in misconduct by withholding exculpatory material from the defense. *Page 5 
 {¶ 13} White supported his claims with evidentiary material. These included, inter alia, 1) a copy of the police report of the investigation; 2) affidavits of two women, viz., Tammy Chappell and Alischa Hickman, both of whom stated they were in the salon when the robbery occurred, and White was not one of the assailants; and, 3) a copy of an article presented in the Annual Review of Psychology which challenged the reliability of eyewitness testimony. White did not attach his own affidavit.
 {¶ 14} The state responded to White's petition, and the trial court subsequently allowed both parties to present supplemental briefs. White eventually added the affidavit of psychologist Dr. Solomon Fuero; Fuero essentially asserted that eyewitness identifications made at trial, while persuasive to jurors, were unreliable.
 {¶ 15} The trial court ultimately issued findings of fact and conclusions of law with respect to White's petition, determining the claims were barred by the doctrine of res judicata. Consequently, White's petition was denied.
 {¶ 16} White appeals the trial court's decision with the following assignment of error:
 {¶ 17} "I. The trial court erred when it dismissed the petition forpostconviction relief on grounds that the petitioner's claims werebarred by the doctrine of res judicata." *Page 6 
 {¶ 18} White argues that he demonstrated substantive grounds for relief that could not have been raised on direct appeal of his convictions; hence, an evidentiary hearing was warranted, and the trial court improperly denied his petition.
 {¶ 19} Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's decision on a petition for postconviction relief that is supported by the evidence and the record.State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102. A defendant who challenges his convictions by this means, moreover, is not automatically entitled to an oral hearing. State v. Cole (1982), 2 Ohio St.3d 112.
 {¶ 20} When alleging he received ineffective assistance of counsel, the defendant is required to demonstrate not only that counsel was so incompetent as to deny defendant his constitutional right, but also "that such errors resulted in prejudice before a hearing is scheduled."Calhoun, supra at 283, citing State v. Jackson (1980),64 Ohio St.2d 107, 112.
 {¶ 21} The defendant accomplishes this task by submitting evidentiary documents of sufficient quality to justify the trial court's decision, in the exercise of its discretion, to order an oral hearing. Nevertheless, even when affidavits are filed in support of the petition, although a trial court "should give [them] due *Page 7 
deference," it may also "judge their credibility in determining whether to accept the affidavits as true statements of fact." Calhoun, supra at 284.
 {¶ 22} In assessing the credibility of affidavit testimony, the trial court should consider "all relevant factors." Id. at 285. Relevant factors include: 1) whether the judge reviewing the petition also presided at the trial; 2) whether multiple affidavits appear to have been drafted by the same person; 3) whether an affidavit contains hearsay; 4) whether the affiants are persons interested in the success of the petitioner's effort; and, further, 5) whether an affidavit either contradicts evidence offered by the defense at trial, or contradicts evidence in the record given by the same witness, or is internally inconsistent and thus weakened in credibility. Id.
 {¶ 23} The record in this case supports the trial court's decision to deny White's petition without a hearing.
 {¶ 24} First, the issue of trial counsel's effectiveness in presenting White's defense was raised in State v. White, supra. Therefore, the trial court properly concluded his claim was barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 25} Second, the same judge who reviewed White's petition presided at trial. The judge acted within her discretion to observe that: 1) the affidavits were those of persons who were available to testify at the original trial; 2) the *Page 8 
witnesses' existence had been disclosed to the defense by the prosecution, thus belying White's claim of prosecutorial misconduct; and, 3) their testimony would have been merely cumulative to the detective's admissions that, when shown the photographic array, some of the people in the salon at the time of the incident were unable to identify White as a suspect.
 {¶ 26} Moreover, the record reflects White's claim of ineffective assistance of trial counsel lacked substantive support. State v.Harris (June 29, 2000), Cuyahoga App. No. 76444.
 {¶ 27} In conjunction with the file of this case, the competent affidavits demonstrated counsel was aware additional defense witnesses were available. Nothing in the record supports a conclusion that the prosecutor withheld exculpatory evidence from the defense; instead, the record reflects both Chappell and Hickman were on the state's list of potential witnesses. State v. Gammalo, Cuyahoga App. No. 82853,2004-Ohio-482.
 {¶ 28} Counsel's decision to refrain from introducing certain testimony is one well within the ambit of trial strategy. State v.Norman, Cuyahoga App. No. 83561, 2004-Ohio-2409, ¶ 5. Not only was this evidence cumulative, but both of the women made some additional averments in their affidavits that, in light of the record, lacked credibility; consequently, the evidence they claimed they were *Page 9 
prepared to provide was vulnerable to destructive cross-examination by the prosecutor. State v. Gammalo, supra.
 {¶ 29} Chappell, for instance, described the man she saw enter the salon from the rear door during the October 2003 robbery as only young, "pretty nice looking," light skinned, and wearing a hat. Nevertheless, over three years later, she states that she is able to view a photographic array in February 2007 and choose a man who looked like the man she remembered. On the other hand, although she claims she saw White during his trial, and knew at that time that he "was not one of the men" who robbed the salon, she fails to explain why she never brought this to the prosecutor's attention. She also failed to recognize White as the man she saw on trial in 2006 from his photograph in the 2007 array.
 {¶ 30} Similarly, Hickman admits that she "did not identify anyone in the photographs" that the detective showed her in 2005. Hickman further states, however, that she knew White from her neighborhood, so, "[i]f anyone had shown [her] a picture of Charles White, [she] would have told them that he was not one of the guys who committed th[e] crime." Hickman fails to explain why she failed to provide this information in 2005 to the detective who showed her the array. *Page 10 
 {¶ 31} Finally, as this court noted in State v. White, supra at ¶ 41, "as in Madrigal, [2] defense counsel in this case evidently decided not to request the appointment of an eyewitness identification expert, choosing instead to rely on the cross-examination of some of the witnesses in order to impeach the eyewitnesses." Such a decision accomplishes a defense strategy of challenging the reliability of eyewitness testimony; therefore, it falls within the realm of acceptable trial tactics. State v. Jones, Cuyahoga App. No. 803601, 2004-Ohio-3868, ¶ 13.
 {¶ 32} Since the trial court's decision to deny White's petition for postconviction relief without an oral hearing thus finds support in the record, his assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] Discretionary appeal not allowed, State v. White,116 Ohio St.3d 1412, 2007-Ohio-6140.
[2] State v. Madrigal, 87 Ohio St.3d 378, 2000-Ohio-448. *Page 1